Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com
           paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF KOREY UNTI and HAZEL UNTI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF KOREY UNTI and HAZEL UNTI,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case arises from the August 13, 2023, officer-involved shooting and death of 36-year-old KOREY UNTI by LEVI CRAIN, a police officer employed by the CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and Police Chief MICHAEL SALVADOR.

## JURISDICTION & VENUE

1.     This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

1

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the State of California, County of Merced.

## EXHAUSTION

4.      On April 23, 2024, the ESTATE OF KOREY UNTI and HAZEL UNTI submitted a timely and substantially compliant government claim to the CITY OF ATWATER and ATWATER POLICE DEPARTMENT relating to the claims alleged herein, pursuant to California Government Code § 910 *et seq.*

5.      On April 30, 2024, the CITY OF ATWATER mailed a notice of rejection of the government claim.

6.      By June 13, 2024, the ATWATER POLICE DEPARTMENT failed or refused to act on the government claim.

## PARTIES

7.      Plaintiff ESTATE OF KOREY UNTI appears by and through the real-party-in-interest Plaintiff HAZEL UNTI, who brings this action pursuant to California Code of Civil Procedure § 377.30. Plaintiff HAZEL UNTI brings this action as the successor-in-interest to the decedent KOREY UNTI. Plaintiff HAZEL UNTI's declaration regarding her status as the successor-in-interest to KOREY UNTI is attached hereto, pursuant to California Code of Civil Procedure § 377.32.

8.      Plaintiff HAZEL UNTI is a resident of the State of California, County of Merced. Plaintiff HAZEL UNTI is the biological mother of the decedent KOREY UNTI. Plaintiff HAZEL UNTI brings this action (1) in a representative capacity, as the successor-in-interest to the decedent KOREY UNTI; and (2) in an individual capacity, on behalf of herself.

9.      Defendant CITY OF ATWATER is located in the State of California. Defendant CITY OF ATWATER is a "public entity," pursuant to California Government Code § 811.2.

10.     Defendant ATWATER POLICE DEPARTMENT is located in the State of California,

2

County of Merced. Defendant ATWATER POLICE DEPARTMENT is a "public entity," pursuant to California Government Code § 811.2.

11.     Defendant MICHAEL SALVADOR is and was, at all times material herein, a law enforcement officer and Police Chief for Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of employment and under color of state law. Defendant MICHAEL SALVADOR is sued in an individual capacity.

12.     Defendant LEVI CRAIN is and was, at all times material herein, a law enforcement officer employed by Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of employment and under color of state law. Defendant LEVI CRAIN is sued in an individual capacity.

13.     Defendant MATTHEW BOWEN is and was, at all times material herein, a law enforcement officer employed by Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of employment and under color of state law. Defendant MATTHEW BOWEN is sued in an individual capacity.

14.     Defendant TREVOR PHILLIPS is and was, at all times material herein, a law enforcement officer employed by Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, acting within the scope of employment and under color of state law. Defendant TREVOR PHILLIPS is sued in an individual capacity.

## GENERAL ALLEGATIONS

15.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### Officer-Involved Shooting

16.     On August 13, 2023, Defendant LEVI CRAIN was on-duty and driving one of Defendant ATWATER POLICE DEPARTMENT's patrol vehicle.

17.     On that date, Defendant LEVI CRAIN had been employed by Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT for approximately five months.

18.     Defendant LEVI CRAIN observed a vehicle driven by KOREY UNTI fail completely to stop before passing through a "STOP" sign.

19. Defendant LEVI CRAIN attempted to conduct a traffic stop of KOREY UNTI's vehicle.

20. KOREY UNTI briefly fled in his vehicle from Defendant LEVI CRAIN's patrol vehicle.

21. Shortly after the vehicle pursuit began, KOREY UNTI stopped his vehicle near the 5000 block of Crest Road, Atwater, California.

22. KOREY UNTI exited the vehicle and fled on foot.

23. Defendant LEVI CRAIN also stopped his vehicle near KOREY UNTI's abandoned vehicle.

24. Defendant LEVI CRAIN exited his patrol vehicle and chased after KOREY UNTI on foot.

25. After running approximately one block, KOREY UNTI stopped running.

26. KOREY UNTI turned to face Defendant LEVI CRAIN and to surrender himself to be arrested.

27. KOREY UNTI removed a firearm from his clothing and threw the firearm several yards away.

28. Defendant LEVI CRAIN stopped several feet from KOREY UNTI.

29. Defendant LEVI CRAIN drew his firearm and pointed it at KOREY UNTI, after KOREY UNTI had surrendered and thrown-away his firearm.

30. Defendant LEVI CRAIN began shooting his firearm at KOREY UNTI but missed with his shots.

31. KOREY UNTI observed that Defendant LEVI CRAIN did not accept his surrender, based on Defendant LEVI CRAIN shooting at KOREY UNTI even after he had disarmed.

32. KOREY UNTI turned his back to Defendant LEVI CRAIN and began to run away.

33. Defendant LEVI CRAIN continued shooting at KOREY UNTI, including shooting at KOREY UNTI's back as he ran away.

34. Defendant LEVI CRAIN fired approximately five bullets which missed KOREY UNTI.

35. Defendant LEVI CRAIN fired approximately two bullets (approximately the six and seven gunshots fired by Defendant LEVI CRAIN) in rapid succession which struck KOREY UNTI in the back, as he was running away from Defendant LEVI CRAIN.

4

36.     KOREY UNTI fell face-first to the ground, after being struck in the back by the bullets fired by Defendant LEVI CRAIN.

37.     KOREY UNTI was lying on the ground, on his stomach.

38.     Defendant LEVI CRAIN fired a final bullet (approximately the eighth gunshot fired by Defendant LEVI CRAIN) at KOREY UNTI's back, after he had fallen to the ground.

39.     KOREY UNTI turned his head to face Defendant LEVI CRAIN and stated, "Why'd you hit me, bro? You hit me in the back. Hey, I can't feel nothing. Listen to me, I can't feel nothing."

40.     KOREY UNTI did not pose a threat to Defendant LEVI CRAIN or to anyone else, when Defendant LEVI CRAIN began and continued to shoot at KOREY UNTI, including after KOREY UNTI had disarmed, surrendered to be arrested, and ran from Defendant LEVI CRAIN when he began shooting.

41.     Defendant LEVI CRAIN never provided KOREY UNTI with a warning that he would shoot or utilize deadly force, prior to firing gunshots at KOREY UNTI.

42.     Defendant LEVI CRAIN failed to utilize appropriate law enforcement techniques and tactics, including by failing to provide a warning to KOREY UNTI prior to shooting him and by shooting at KOREY UNTI after he had disarmed, surrendered, and attempted to run away. Defendant LEVI CRAIN's actions and inactions were non-compliant with California Peace Officer Standards and Training ("POST") and Atwater Police Department ("APD") policies, training, and standards, including: POST Learning Domain 20 (Use of Force/Deescalation); POST Learning Domain 26 (Critical Incidents); APD Policy 300 (Use of Force); APD Policy 305 (Officer-Involved Shootings and Deaths); and APD Policy 306 (Firearms).

**Post-Shooting**

43.     Following the shooting, additional officers arrived at the scene and pointed firearms at KOREY UNTI, as he was lying on the ground, including Defendants MATTHEW BOWEN and TREVOR PHILLIPS.

44.     Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS applied handcuffs to KOREY UNTI's arms, or participated in the application of handcuffs, securing KOREY UNTI's arms behind his back.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Unti v. City of Atwater*, United States District Court, Eastern District of California, Case No. _____

45.     Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's application of handcuffs to KOREY UNTI's arms was unnecessary and excessive, where KOREY UNTI had been critically injured by Defendant LEVI CRAIN's gunshots and had previously disarmed and did not present a threat to anyone.

46.     Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's application of handcuffs to KOREY UNTI's arms interfered with and/or impeded KOREY UNTI's ability to receive necessary medical care for his injuries.

47.     Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS failed to utilize appropriate law enforcement techniques and post-shooting tactics, including by handcuffing KOREY UNTI's arms behind his back, or participating in handcuffing, after KOREY UNTI had been critically injured by Defendant LEVI CRAIN's gunshots. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions were non-compliant with California Peace Officer Standards and Training ("POST") and Atwater Police Department ("APD") policies, training, and standards, including: POST Learning Domain 20 (Use of Force/Deescalation); POST Learning Domain 26 (Critical Incidents); POST Learning Domain 33 (Arrest Methods/Defensive Tactics); POST Learning Domain 34 (First Aid, CPR, and AED); POST Learning Domain 37 (People with Disabilities); APD Policy 300 (Use of Force); APD Policy 302 (Handcuffing and Restraints); and APD Policy 305 (Officer-Involved Shootings and Deaths).

48.     KOREY UNTI died at the scene of the shooting due to his gunshot wounds.

**Post-Death**

49.     Following the shooting, Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR briefly placed Defendant LEVI CRAIN on administrative leave, as required by policy.

50.     Shortly thereafter, Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR removed Defendant LEVI CRAIN from administrative leave and permitted him to return to police duty.

51.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR determined that Defendant LEVI CRAIN's shooting of KOREY UNTI was

6

acceptable and consistent with Defendants CITY OF ATWATER and ATWATER POLICE

DEPARTMENT policies and procedures. Defendants CITY OF ATWATER, ATWATER POLICE

DEPARTMENT, and MICHAEL SALVADOR did not wait until formal investigations of the officer-

involved shooting incident were complete before they prematurely cleared Defendant LEVI CRAIN from

administrative leave and permitted him to return to police duty.

52.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and

MICHAEL SALVADOR required their personnel to create a press release and narrative of the officer-

involved shooting incident which portrayed KOREY UNTI negatively and Defendant LEVI CRAIN

favorably, and which depicted Defendant LEVI CRAIN's unjustified use of deadly force against

KOREY UNTI as justified.

53.     On October 24, 2023, Defendants CITY OF ATWATER, ATWATER POLICE

DEPARTMENT, and MICHAEL SALVADOR published a press release and video related to the officer-

involved shooting incident on the Defendant CITY OF ATWATER, ATWATER POLICE

DEPARTMENT's website. (<https://www.atwater.org/departments/police/https-www-atwater-org-wp-

content-uploads-2023-02-personnel_complaints-2023-pdf/>.)

54.     Therein, Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and

MICHAEL SALVADOR's press release and video misleadingly edited, paused, and captioned the video

as "IT SHOWS MR. UNTI POINTED THE GUN AT OFFICER CRAIN" and depicted a freeze-frame

still image from the video which circled KOREY UNTI's hand with the caption "MR. UNTI POINTING

GUN AT OFFICER CRAIN" and "MR. UNTI HAS GUN IN HAND."

55.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and

MICHAEL SALVADOR's the press release and video do not identify the fact that KOREY UNTI had

surrendered and disarmed before he was shot by Defendant LEVI CRAIN, or that Defendant LEVI

CRAIN shot KOREY UNTI in the back.

56.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and

MICHAEL SALVADOR's press release and video inaccurately characterized Defendant LEVI CRAIN's

actions as justified and KOREY UNTI's action as threating.

57.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and

MICHAEL SALVADOR's press release and video contain a misleading and biased narration by Defendant MICHAEL SALVADOR, who knew that information contained in the press release and video was incomplete and misleading, based on the information available at the time that the press release and video was published. Nonetheless, Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR published the press release and video in an attempt to influence the general public's perception of Defendant LEVI CRAIN's unjustified officer-involved shooting against KOREY UNTI.

58.     Plaintiff HAZEL UNTI did not discover, and was unable to discover, the unlawful actions and inactions surrounding Defendant LEVI CRAIN's shooting of her son, KOREY UNTI, until Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR's press release and video were made available on approximately October 24, 2023.

## POLICY AND CUSTOM ALLEGATIONS

59.     Defendant MICHAEL SALVADOR has been employed by Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT since February 2019.

60.     Defendant MICHAEL SALVADOR is and was a final policymaking authority for Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, including as it relates to the maintenance of policies and customs of training, supervision, and discipline of personnel under his command. Atwater Police Department Policy Manual, Policy 200 (Organizational Structure and Responsibility); Cal. Gov. Code § 38630(a).

61.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR failed to promulgate specific policies and customs and to train officers under their command in the application of deadly force, including those prescribed by California Peace Officer Standards and Training ("POST") learning domains, including Learning Domain 20 (Use of Force/Deescalation); POST Learning Domain 26 (Critical Incidents); POST Learning Domain 26 (Critical Incidents); and POST Learning Domain 33 (Arrest Methods/Defensive Tactics).

62.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR ratified Defendant LEVI CRAIN's officer-involved shooting of KOREY UNTI, including by determining that the shooting was appropriate and consistent with Defendant

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Unti v. City of Atwater*, United States District Court, Eastern District of California, Case No. _____

ATWATER POLICE DEPARTMENT's policies and training.

63.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR knew or should have known that Defendant LEVI CRAIN's officer-involved shooting of KOREY UNTI was unlawful, including based on the body-worn camera footage of the shooting which demonstrated that Defendant LEVI CRAIN shot KOREY UNTI multiple times in the back while he was unarmed, non-threatening, and attempting to surrender; and where "[i]t is clearly established law that shooting a fleeing suspect in the back violates the suspect's Fourth Amendment rights," *Foster v. City of Indio*, 908 F.3d 1204, 1211 (9th Cir. 2018) (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

64.     Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR's inadequate policies, procedures, and training did proximately cause violation of rights of persons coming into contact with their personnel, including the officer-involved shooting and death of KOREY UNTI.

### FIRST CLAIM

**Excessive Force**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

65.     Plaintiff ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

66.     The allegations of the preceding paragraphs 1 to 64 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

67.     *Individual Liability*: Defendants LEVI CRAIN used unreasonable and excessive force against KOREY UNTI, including by shooting KOREY UNTI, in violation of the Fourth Amendment to the United States Constitution. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS used unreasonable and excessive force against KOREY UNTI, including by applying handcuffs to KOREY UNTI's arms after he had been shot, in violation of the Fourth Amendment to the United States Constitution.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Unti v. City of Atwater*, United States District Court, Eastern District of California, Case No. _____

68.     *Municipal / Supervisory Liability*: Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR maintained policies or customs of action and inaction resulting in harm to KOREY UNTI, in violation of the Fourth Amendment to the United States Constitution.

69.     Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

70.     KOREY UNTI was injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff ESTATE OF KOREY UNTI to receive compensatory (survival) and nominal damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff ESTATE OF KOREY UNTI prays for relief as hereunder appears.

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

71.     Plaintiff HAZEL UNTI asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

72.     The allegations of the preceding paragraphs 1 to 64 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

73.     Plaintiff HAZEL UNTI shared a close relationship and special bond with KOREY UNTI, including deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close mother-son relationship, prior to his death. For example, Plaintiff HAZEL UNTI and KOREY UNTI frequently visited and spoke.

74.     *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ATWATER,

10

ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS caused the termination of and interference with Plaintiff HAZEL UNTI's familial relationship with KOREY UNTI, including through the use of excessive force against KOREY UNTI, in the violation of the Fourteenth Amendment to the United States Constitution.

75.     Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

76.     Plaintiff HAZEL UNTI was injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling her to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff HAZEL UNTI prays for relief as hereunder appears.

### THIRD CLAIM

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. I; 42 U.S.C. § 1983)**

77.     Plaintiff HAZEL UNTI asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

78.     The allegations of the preceding paragraphs 1 to 64 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

79.     Plaintiff HAZEL UNTI shared a close relationship and special bond with KOREY UNTI, including deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close mother-son relationship, prior to his death. For example, Plaintiff HAZEL UNTI and KOREY UNTI frequently visited and spoke.

80.     *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ATWATER,

11

ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS caused the termination of and interference with Plaintiff HAZEL UNTI's familial relationship with KOREY UNTI, including through the use of excessive force against KOREY UNTI, in the violation of the First Amendment to the United States Constitution.

81.　　Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

82.　　Plaintiff HAZEL UNTI was injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling her to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff HAZEL UNTI prays for relief as hereunder appears.

## FOURTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

83.　　Plaintiff ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

84.　　The allegations of the preceding paragraphs 1 to 64 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

85.　　*Individual Liability*: Defendants LEVI CRAIN used unreasonable and excessive force against KOREY UNTI, including by shooting KOREY UNTI, in violation of Article I, Section 13 of the California Constitution. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS used unreasonable and excessive force against KOREY UNTI, including by applying handcuffs to

12

1  KOREY UNTI's arms after he had been shot, in violation of Article I, Section 13 of the California

2  Constitution.

3       86.    *Municipal / Supervisory Liability*: Defendants CITY OF ATWATER, ATWATER

4  POLICE DEPARTMENT, and MICHAEL SALVADOR maintained policies or customs of action and

5  inaction resulting in harm to KOREY UNTI, in violation of Article I, Section 13 of the California

6  Constitution.

7       87.    *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE

8  DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California

9  Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees

10  acting within the scope of employment, including Defendants MICHAEL SALVADOR, LEVI CRAIN,

11  MATTHEW BOWEN, and TREVOR PHILLIPS.

12       88.    Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and

13  TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in

14  great harm.

15       89.    KOREY UNTI was injured as a direct and proximate result of Defendants CITY OF

16  ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN,

17  MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff ESTATE OF

18  KOREY UNTI to receive compensatory (survival) and nominal damages against Defendants CITY OF

19  ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN,

20  MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL

21  SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

22       WHEREFORE, Plaintiff ESTATE OF KOREY UNTI prays for relief as hereunder appears.

23                                **FIFTH CLAIM**

24                          **Tom Bane Civil Rights Act**

25                            **(Cal. Civ. Code § 52.1)**

26       90.    Plaintiffs ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure §

27  377.30) and HAZEL UNTI assert this Claim against Defendants CITY OF ATWATER, ATWATER

28  POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and

TREVOR PHILLIPS.

91.     The allegations of the preceding paragraphs 1 to 89 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Excessive Force

92.     *Individual Liability*: Defendants LEVI CRAIN used unreasonable and excessive force against KOREY UNTI, including by shooting KOREY UNTI, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS used unreasonable and excessive force against KOREY UNTI, including by applying handcuffs to KOREY UNTI's arms after he had been shot, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution.

93.     *Municipal / Supervisory Liability*: Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR maintained policies or customs of action and inaction resulting in harm to KOREY UNTI, with deliberate indifference or reckless disregard, in violation of the Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution.

Unwarranted Interference with Familial Association

94.     *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS caused the termination of and interference with Plaintiff HAZEL UNTI's familial relationship with KOREY UNTI, including through the use of excessive force against KOREY UNTI, with deliberate indifference or reckless disregard, in the violation of the Fourteenth and First Amendment to the United States Constitution and Article I, Section 7(a) of the California Constitution.

(Allegations Common to All Theories)

95.     *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees

14

acting within the scope of employment, including Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

96.    Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

97.    KOREY UNTI and Plaintiff HAZEL UNTI were injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiffs ESTATE OF KOREY UNTI and HAZEL UNTI to receive compensatory (survival / wrongful death) and treble damages and civil penalties against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiffs ESTATE OF KOREY UNTI and HAZEL UNTI pray for relief as hereunder appears.

## SIXTH CLAIM

### Assault / Battery

98.    Plaintiff ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

99.    The allegations of the preceding paragraphs 1 to 48 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

100.    *Individual Liability*: Defendants LEVI CRAIN used unreasonable and excessive force against KOREY UNTI, including by shooting KOREY UNTI. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS used unreasonable and excessive force against KOREY UNTI, including by applying handcuffs to KOREY UNTI's arms after he had been shot.

101.    *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California

15

Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

102.     Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

103.     KOREY UNTI was injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff ESTATE OF KOREY UNTI to receive compensatory (survival) damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff ESTATE OF KOREY UNTI prays for relief as hereunder appears.

### SEVENTH CLAIM

### Intentional Infliction of Emotional Distress

104.     Plaintiff ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

105.     The allegations of the preceding paragraphs 1 to 48 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

106.     *Individual Liability*: Defendant LEVI CRAIN engaged in outrageous conduct—including, among other actions, by shooting KOREY UNTI—with intent or reckless disregard of the probability that KOREY UNTI would suffer emotional distress and he did suffer severe emotional distress. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS engaged in outrageous conduct—including, among other actions, by applying handcuffs to KOREY UNTI's arms after he had been shot—with intent or reckless disregard of the probability that KOREY UNTI would suffer emotional distress and he did suffer severe emotional distress.

107.     *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California

Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

108.    Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

109.    KOREY UNTI was injured as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff ESTATE OF KOREY UNTI to receive compensatory (survival) damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff ESTATE OF KOREY UNTI prays for relief as hereunder appears.

## EIGHTH CLAIM

### Negligence

110.    Plaintiff ESTATE OF KOREY UNTI (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

111.    The allegations of the preceding paragraphs 1 to 109 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

112.    *Individual Liability*: Defendant LEVI CRAIN owed KOREY UNTI a duty of care and breached that duty, including, among other actions, by employing improper tactical conduct and decisions preceding the use of deadly force against KOREY UNTI; and by using unreasonable and excessive force against KOREY UNTI when shooting him. Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS owed KOREY UNTI a duty of care and breached that duty, including, among other actions, by using unreasonable and excessive force against KOREY UNTI when applying handcuffs to KOREY UNTI's arms after he had been shot.

113.    *Supervisory Liability*: Defendant MICHAEL SALVADOR owed KOREY UNTI a duty of

17

care—based on a special relationship with KOREY UNTI, as police chief, and a special relationship with Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS, as employer—and breached the duty including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to KOREY UNTI.

114.    *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

115.    Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

116.    KOREY UNTI was injured as a direct and proximate result of Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff ESTATE OF KOREY UNTI to receive compensatory (survival) damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff ESTATE OF KOREY UNTI prays for relief as hereunder appears.

## NINTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

117.    Plaintiff HAZEL UNTI asserts this Claim against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

118.    The allegations of the preceding paragraphs 1 to 116 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

119.    *Individual Liability*: Defendants LEVI CRAIN, MATTHEW BOWEN, and TREVOR

18

PHILLIPS caused KOREY UNTI's death by wrongful acts and neglect, including, among other actions, by employing improper tactical conduct and decisions preceding the use of unreasonable and excessive force against KOREY UNTI; and by using excessive force against KOREY UNTI.

120.   *Municipal / Supervisory Liability*: Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, and MICHAEL SALVADOR caused KOREY UNTI's death by wrongful acts and neglect, including, among other actions, by maintaining policies or customs of action and inaction which resulted in harm to KOREY UNTI.

121.   *Vicarious Liability*: Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT are liable through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

122.   Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

123.   KOREY UNTI died as a direct and proximate result of Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS's actions and inactions, entitling Plaintiff HAZEL UNTI to receive compensatory (wrongful death) damages against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS; and punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS.

WHEREFORE, Plaintiff HAZEL UNTI prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF KOREY UNTI and HAZEL UNTI seek Judgment as follows:

1.   For an award of compensatory, general, special, and nominal damages (including survival/loss-of-life damages and wrongful death damages under federal and state law) against

Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS in excess of $20,000,000, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression or malice resulting in great harm;

3.     For funeral and/or burial expenses;

4.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF ATWATER, ATWATER POLICE DEPARTMENT, MICHAEL SALVADOR, LEVI CRAIN, MATTHEW BOWEN, and TREVOR PHILLIPS, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF ATWATER and ATWATER POLICE DEPARTMENT, pursuant to California Civil Code § 818);

5.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; California Civil Code § 52.1; California Code of Civil Procedure § 1021.5; and any other statute as may be applicable;

6.     For interest; and

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

20

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: July 1, 2024                              Respectfully Submitted,

By: _____
        Mark E. Merin
        Paul H. Masuhara
        LAW OFFICE OF MARK E. MERIN
        1010 F Street, Suite 300
        Sacramento, California 95814
        Telephone: (916) 443-6911
        Facsimile: (916) 447-8336

        Attorneys for Plaintiffs
          ESTATE OF KOREY UNTI and HAZEL UNTI

21

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF KOREY UNTI and HAZEL UNTI.

Dated: July 1, 2024

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF KOREY UNTI and HAZEL UNTI

22